PRINDLE v. BROWN.

PATENTS; INTERFERENCE.

1. A junior applicant in an interference case cannot overcome the prior
date of his adversary by proving that some third party was in fact the
inventor (following *Foster* v. *Antisdel,* 14 App. D. C. 552) ; and this
is true although such third party was a party to the interference until
there was an adverse decision against him by the Commissioner, which
he acquiesced in, taking no appeal to this court, while the other parties
to the interference did appeal.

2. The question whether a senior party to an interference may be entitled
to priority as against all persons is not at issue in the interference,
but the question is whether the junior applicant has sustained the
burden of establishing his own priority over that of his opponent.

No. 257. Patent Appeals. Submitted May 12, 1904. Decided June 8, 1904.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case.                *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Charles J. Williamson* and *Mr. Philip Mauro* for the ap-
pellant.

*Mr. William Quinby* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference proceeding involving priority of invention of a method of making divided lasts.    There were three parties to the interference when declared,—Walter E. Trufant, Jonathan T. Brown, and Edwin J. Prindle.

The issue embraces three counts as follows:

"1. As an improvement in the art of forming lasts or last parts, the method which consists in forming a surface other than the foot-shape contour of the last or last part, such surface having a definite geometric relation to a surface having a useful function in the last, and then forming the said contour in a predetermined relation to such first-mentioned surface, substantially as and for the purpose described.

"2. As an improvement in the art of forming divided lasts, the method which consists in forming a standard surface on each of several last parts, which surfaces bear a definite relation to each other, forming the foot-shape contours of such last parts in proper relation to such standard surfaces, and then assembling the parts, substantially as and for the purpose described.

"3. The herein-described method of making a divided last, consisting of severing the last block before it is turned, finishing the secant end thereof to the ultimate shape of the joint end of the last part, and then subsequently turning the block."

Trufant filed an application on September 27, 1899, which was allowed and then became abandoned.    His second application, on which the interference was declared, bears date August 1, 1901.    His preliminary statement alleges conception in March, 1899, disclosure about the same time, and reduction to practice September 27, 1899,—the date of his first application.

Brown filed application May 28, 1900, and alleges conception about August 1, 1899, disclosure about September 12, 1899, and reduction to practice at the same time.

Prindle's application was filed June 6, 1900, and his preliminary statement alleges conception February 25, 1900, disclosure on February 26, and reduction to practice by filing his application aforesaid, on June 6, 1900.

Trufant and Brown took testimony at great length in support of their respective claims. Prindle offered no testimony tending to establish his conception, and was therefore confined to the date of his application, not only for reduction to practice, but also for his conception. All of the evidence on his behalf related to the conceptions and disclosures of Trufant and Brown and the reduction to practice claimed by the latter.

It appears that one Oliver A. Miller, a large manufacturer of lasts at Brockton, Massachusetts, had become interested in all the inventions and improvements in lasts, made and contemplated by the several contestants. The record shows a contract between him and Prindle for exclusive use, under date of August 18, 1899, and one between him and Trufant under date of September 6, 1899. He was also the promoter of Brown, whose operations were carried on in Miller's shops, under some arrangement which does not fully appear. Apparently, however, his connection with Brown was most advantageous.

The Examiner of Interferences found that Trufant was the first to conceive the invention, but the last to reduce to practice, because he must be confined therefor to the date of his present application. He found, also, that while Brown was the first to reduce to actual practice as well as to file his application, he was not an original inventor because he had obtained his knowledge indirectly from Trufant. Having thus removed the claims of Trufant and Brown, he awarded priority to Prindle.

Trufant and Brown each appealed to the Examiners-in-Chief, who, coming to the conclusion that Brown was the first to conceive as well as to reduce to practice, reversed the decision and awarded priority to Brown.

Trufant and Prindle then appealed to the Commissioner, who affirmed the award to Brown.

Prindle, alone, has appealed from the Commissioner's decision. As between Brown and Trufant all the issues have been settled by that decision, from which Trufant has taken no appeal.

We are asked by the appellant, Prindle, however, to examine the testimony on behalf of Trufant, in connection with that introduced on his own behalf, and to decide that Brown had no original conception of the invention, but derived his knowledge from disclosures made by Trufant to Miller, and communicated by Miller to him.

Assuming that the evidence would warrant such a conclusion, the question arises: How can it be availed of by Prindle in the contest for priority between him and Brown?

Again, if found that Trufant conceived the invention and disclosed it to Miller, who, in turn, disclosed it to Brown, would not the inquiry into the actual reduction to practice necessarily follow? And would not the reduction to practice by Brown, at the instigation and with the co-operation of Miller, inure to the benefit of Trufant, by reason of the contract relations between him and Miller?

In such event, Trufant would necessarily be declared the first inventor not only as against Brown, but also as against Prindle, whose failure to offer any testimony limits his claims, both of conception and reduction to practice, to the date of his application, June 6, 1900, which was after the actual reduction to practice, and later than Brown's application also. But no award of priority could be made in favor of Trufant, because he is no longer a party to the proceeding. As between him and Brown the question has become *res judicata*. And it seems that Prindle should be estopped by that adjudication, also, from setting up an earlier conception on behalf of Trufant that was therein denied to the latter, and declared to belong to his opponent Brown. But leaving this and the matter of actual reduction to practice out of consideration, the settled rule of law, applicable in interference cases, is, that a junior claimant of invention cannot overcome the prior date of his adversary by proof that some third person was in fact the inventor. *Foster* v. *Antisdel,* 14 App. D. C. 552, 555, and cases there cited.

The appellant contends, however, that the case at bar is distinguishable from that, because the third person, to whom the

evidence of prior invention in that case related, was not a party to the proceedings; whereas, here Trufant was not only a party, but had appeared and supported his contention with the evidence which is now sought to be availed of. We are of the opinion that the principle by which that case was governed is equally applicable in the present case.

Trufant was a party in the Patent Office because his second application covered the claims which had been declared allowable in the applications of Brown and Prindle that preceded his, and the issue has been adjudged against him. Failing to appeal from that decision, he dropped out of the case, and the same is now as completely between Brown and Prindle as if he had never been a party. As the case stood when the interference was declared between the three applicants, Brown was entitled to the award because he was the senior applicant.

Neither contestant could overcome Brown's prima facie case by showing that another person was in fact the first inventor.

No matter how defective his claim might in fact be as against such other person, it is good as against a later comer whose allowed application furnishes the only evidence in support of his own claim.

Whether the senior applicant may be entitled to priority of invention as against all persons is not the issue in an interference case between two claimants of the invention; but the question is whether the junior applicant has established his own claim to priority over that of his opponent.

He must obtain the award on the strength of his own claim to priority of invention, and can no more obtain it as against one who holds the advantage by reason of his occupation of the field through earlier entry in the Patent Office than can the plaintiff in an action of ejectment oust the defendant in possession by proof of a superior, outstanding title with which he is in no way connected.

If there is any error in the Commissioner's decision—and we are not to be understood by this as intimating that there was —it was one of which Trufant alone could complain. Instead

of complaining, however, he has acquiesced in the decision, and an award to Prindle would be no vindication of his right.

The decision must, therefore, be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents as required by law. *Affirmed.*

A petition for a rehearing was denied June 30, 1904.